139 F.3d 906
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
BASIN FROZEN FOODS, Respondent.
 No. 96-70632.
 United States Court of Appeals, Ninth Circuit.
 Feb. 18, 1998.
Argued and Submitted Feb. 3, 1998.
 
 On Application for Enforcement of a Supplemental Order of the National Labor Relations Board.
 Before BRUNETTI, RYMER, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 We need not decide in this case exactly how willful an employee's violation of employer's rules that got him fired must be in order to terminate his entitlement to backpay, or to require that wages he would have earned without the misconduct be credited against his backpay. There was substantial evidence on the record as a whole to support the Board's decision that the employer had not borne its burden of proving that Wheelock's actions leading to his firing from his school bus job were inconsistent with the inclination to work and be self supporting. See Kawasaki Motors Manufacturing Corp. v. NLRB, 850 F.2d 524, 527 (9th Cir.1988) (general counsel bears burden of showing gross amount of backpay due to claimant, and burden then shifts to employer to establish facts that would reduce that amount). The question is closer with respect to the Carnation job, but the evidence on the record as a whole could reasonably be read to show that Wheelock was an unsatisfactory employee rather than someone who was acting inconsistently with reasonable efforts to support himself in alternative work. As for the farming and other claims by the employer of mitigation, evidence on the record as a whole allowed for the conclusions drawn by the Board: 1) no interim earnings from farming were shown; and, 2) Wheelock made reasonable efforts to obtain interim employment at as comparable a level as he could.
 
 
 3
 As for the disputed damages issues, there was substantial evidence on the record as a whole to support the NLRB's conclusions, with the exception of the two points noted below.
 
 
 4
 The record allowed only for the conclusion that Mr. Wheelock started his Ottem's employment May 1, 1991, not July 1, 1991, as the Board concluded. That means he earned $340 more that should be credited against backpay (8 weeks at $42.50 a week).
 
 
 5
 Also, the Board made a $42.50 arithmetic error in calculating the backpay reduction for the third quarter of 1991. The third quarter was 13 weeks, not 12, so backpay should have been reduced by an additional $42.50.
 
 
 6
 As for the other claimed errors, the employer had the burden of proof, and while it presented evidence, the evidence was not so overwhelming as to deprive the Board's conclusions of support from substantial evidence on the record as a whole.
 
 
 7
 The Board's application for enforcement is GRANTED, except that the amount of backpay ordered is REDUCED by $382.50.
 
 
 8
 Each party to bear its own costs.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3